2006 UT App 157

**In the matter of the ADOPTION OF J.M., a minor.**

**L.M. and R.W.M., Appellants,**

v.

**V.C., Appellee.**

**No. 20050602–CA.**

Court of Appeals of Utah.

April 20, 2006.

Rehearing Denied May 25, 2006.

Lamar J. Winward, St. George, for Appellants.

Michael R. Shaw, Jones Waldo Holbrook & McDonough, St. George, for Appellee.

Martha Pierce and Mandy Rose, Salt Lake City, Guardians Ad Litem.

Before Judges DAVIS, ORME, and THORNE, Jr.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 L.M. and R.W.M. (Paternal Grandparents) appeal the juvenile court's denial of their petition for guardianship of J.M. as well as the juvenile court's grant of temporary guardianship to V.C. and her husband (Maternal Grandparents).

¶ 2 Paternal Grandparents assert several issues on appeal.[1] However, for the most part these issues involve whether the juvenile court erred in awarding guardianship to the Maternal Grandparents instead of the Paternal Grandparents when the natural father signed a delegation of parental powers over the minor to Paternal Grandparents before the Maternal Grandparents filed an action to terminate the father's parental rights.[2] The crux of Paternal Grandparents' argument is that the delegation of parental powers trumps the juvenile court's power to determine guardianship of the child. We disagree.

¶ 3 Utah Code section 78–3a–104 sets forth the juvenile court's jurisdiction. *See* Utah Code Ann. § 78–3a–104 (Supp. 2005). Subsection (1)(f) grants the juvenile court jurisdiction over the termination of the parent-child relationship. *See id.* § 78–3a–104(1)(f). Further, the juvenile court has jurisdiction over the "appointment of a guardian of the person or other guardian of a minor who comes within the court's jurisdiction under other provisions of this section."

*Id.* § 78–3a–104(1)(e). It is undisputed that the Maternal Grandparents filed a petition to terminate the parental rights of J.M.'s father, thereby invoking the juvenile court's jurisdiction.[3] Once this was filed, the juvenile court's jurisdiction applied and it had the power to issue any of the orders enumerated in Utah Code section 78–3a–118, including terminating parental rights and appointing an appropriate guardian. *See id.* § 78–3a–118 (Supp.2005). No provision in the Utah Code regulating the juvenile court limits the juvenile court's authority when a delegation of parental power has been signed by a parent prior to a petition being filed to terminate that parent's parental rights. To hold otherwise would allow any parent in danger of having their parental rights terminated a means of divesting the juvenile court of its power to protect the best interests of children. Accordingly, J.M.'s father's signed delegation of parental power did not divest the juvenile court of its authority to order a guardianship over J.M. that was in J.M.'s best interest.

¶ 4 Paternal Grandparents also appear to state an insufficiency of the evidence claim by arguing that the juvenile court erred in awarding guardianship to the Maternal Grandparents instead of the Paternal Grandparents despite the case being a "close call." We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. "The juvenile court in particular is given 'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field, and ... devot[ed] ... attention to such matters....'" *Id.* (citations omitted). While the juvenile court acknowledged that both Paternal Grandparents

---

1. One such issue is not properly raised in this appeal, as it focuses on whether the juvenile court properly terminated the parental rights of J.M.'s father. Paternal Grandparents do not have standing to raise such an issue in this appeal.

2. The father filed a separate appeal concerning the termination of his parental rights, which we have addressed in 2006 UT App 158.

3. Additionally, the Maternal Grandparents had previously filed a motion for a protective order over J.M. and a petition for appointment of guardian that also invoked the juvenile court's jurisdiction. The Paternal Grandparents also invoked the jurisdiction of the juvenile court by filing their own petition for appointment of guardian.

and Maternal Grandparents love J.M. and both would be adequate caretakers, the court found that J.M. had bonded more with Maternal Grandparents as primary care givers and it would be in the best interest of J.M. for Maternal Grandparents to be awarded guardianship over J.M. This finding was based on several factors, including the fact that Maternal Grandparents offered permanency and stability while the Paternal Grandparents sought only temporary custody. Further, the juvenile court heard the testimony of an independent expert concerning her opinion as to what would be in the best interest of J.M. Based on such testimony, we cannot conclude that the juvenile court's findings were clearly erroneous, nor do we find that the juvenile court abused its discretion in awarding guardianship to the Maternal Grandparents.

¶ 5 Affirmed.

¶ 6 I CONCUR IN THE RESULT: WILLIAM A. THORNE JR., Judge.